51 CCPA
**Application of Paul DIEDRICH.**

**Patent Appeal No. 7126.**

United States Court of Customs and Patent Appeals.

March 12, 1964.

Michael S. Striker, New York City, Harold D. Steinberg, for appellant.

Clarence W. Moore, Washington, D. C. (J. E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from a decision of the Board of Appeals affirming the examiner's rejection of claims 2, 5, 6, 7, 8, 9, 10, 11 and 12 of appellant's application serial No. 718,981 filed March 4, 1958 for X-RAY CONTRAST AGENTS. No claim has been allowed.

Appellant's application describes X-ray contrast agents which are particularly suitable for urography. The nature of appellant's X-ray contrast agents is evident from a consideration of representative appealed claims 2 and 7 which read:

"2. A compound selected from the group consisting of amino acid imides of N-acyl derivatives of 3,5-diamino-2,4,6-triiodobenzoic acid having the following general formula:

$$
\begin{array}{c}
\text{COR} \\
\text{I} \quad \boxed{\phantom{XXX}} \quad \text{I} \\
R_2HN \quad \qquad NHR_1 \\
\text{I}
\end{array}
$$

wherein R is an amino acid residue selected from the group consisting of glycine, alanine, valine, leucine, norleucine, isoleucine and phenylalanine, wherein $R_1$ is an alkane ali-

phatic acyl radical of up to 7 carbon atoms, and wherein $R_2$ is selected from the group consisting of hydrogen and alkane aliphatic carboxyacyl radicals of up to 7 carbon atoms; and non-toxic salts thereof.

"7.     3,5-bis-(acetylamino)-2,4,6-triiodohippuric acid."

The references relied on by the examiner and the board are:

Priewe et al.     2,776,241  Jan.  1, 1957
French Patent  1,118,311  Mar. 12, 1956

The French patent discloses 3,5-diacylamino-2,4,6-triiodobenzoic acids which can be structurally represented as:

$$\text{I} \quad \overset{\displaystyle COOH}{\underset{\displaystyle R_1\text{-HN} \quad \cdots \quad NHR_1}{\bigcirc}} \quad \text{I} \qquad (I)$$

$R_1$ being a carboxyacyl group. The 3,5-diacylamino-2,4,6-triiodobenzoic acids of the French patent are stated to be suitable as "good X-ray contrast media" and are "preferably suitable for urography, and in particular as contrast media for kidneys in intravenous applications of their salts."

The Priewe et al. patent discloses N-acyl-3-amino-2,4,6-triiodobenzoic acids of which the N-acyl residue is derived from polybasic carboxylic acids. The acids of the Priewe et al. patent can be structurally represented as:

$$\text{I} \quad \overset{\displaystyle COOH}{\underset{\displaystyle NH\text{-}CO\text{-}(A)_x\text{-}(CO)_x\text{-}R}{\bigcirc}} \quad \text{I} \qquad (II)$$

wherein A represents a saturated divalent hydrocarbon residue with not more than 16 carbon atoms, R is a hydroxyl, alkoxy, or unsubstituted or mono- or disubstituted amino group, and x indicates the number 0 or 1. The N-acyl-3-amino-2,4,6-triiodobenzoic acids in the Priewe et al. patent are said to be good X-ray contrast agents and "suitable for X-ray visualization of the kidneys." Priewe et al. teach that the usefulness of their

N-acyl derivatives is not limited to the free acids of the above formula but that the -COOH group on the benzene nucleus may be converted into a -COR′ group where R′ may be "a carboxy alkyl amino group," such as $-NH\text{-}CH_2\text{-}COOH$, viz. one derived from the amino acid glycine. The issue here is obviousness over the prior art, the examiner rejecting the appealed claims on the French patent in view of Priewe et al. It is the examiner's position that there is no "invention" in substituting the -COR′ grouping in the compounds of the Priewe et al. patent for the -COOH group in the compounds of the French patent.

The board, in affirming the examiner, stated:

"    *    *    *   Both references are in the same art and the compounds of both have the same utility.   Both are N-acyl derivatives of triiodobenzoic acid.   Because of the closeness of the compounds of the two references, it would clearly be obvious for the man of ordinary skill in the art to modify the compounds of the French patent in the carboxyl radical thereof by the amino acid residues of the Priewe et al. patent.   *    *    *"

We find no reversible error in the board's decision.

Appellant argues that it would not be obvious to modify the compounds of the French patent from the teaching of the Priewe et al. patent because the N-acyl radical in the compounds of the French patent is derived from a monobasic carboxylic acid while the N-acyl radical in the compounds of the Priewe et al. patent is derived from a polybasic carboxylic acid.

We are not persuaded, however, by appellant's urgings. As this court has said in In re Krogman, 223 F.2d 497, 42 CCPA 1037, "Whether a reference is pertinent, or a combination of references is proper, depends solely upon what is reasonably and realistically taught thereby in relation to that which is claimed." In the present case, in view of the close structural relationship of the corresponding compounds in the French and Priewe et al. patents readily apparent from a visual inspection of formulae (I) and (II), in view of the disclosed similar utility of the compounds in both patents, and in view of the teaching in the Priewe et al. patent of the equivalency of the -COOH and -COR' (e. g., -CO-NH-CH$_2$-COOH) groupings and the indication that the -COOH group can be converted into the -CO-NH-CH$_2$-COOH group, we think it would be clearly obvious to the man of ordinary skill in the art to modify the compounds of the French patent as suggested by the examiner. As the solicitor has pointed out, there is nothing in the record to show that the claimed compounds are significantly superior to the X-ray contrast agents shown in the prior art.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.